**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 15-2666 (JNE/DTS) |

| | | |
|---|---|---|
| This Document Relates to All Actions.<br><br>Cynthia Gail Mallory<br>*Plaintiff.*<br><br>*vs.*<br><br>3M Company and Arizant Healthcare, Inc.<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **MASTER SHORT FORM COMPLAINT AND JURY TRIAL DEMAND** |

1. Plaintiff, Cynthia Gail Mallory states and brings this civil action in MDL No. 15-2666, entitled *In Re: Bair Hugger Forced Air Warming Products Liability Litigation*. Plaintiff is filing this Short Form Complaint as permitted by Pretrial Order #8 of this Court.

**PARTIES, JURISDICTION AND VENUE**

2. Plaintiff, Cynthia Gail Mallory, is a resident and citizen of the State of Kansas, and claims damages as set forth below.

~~3. Plaintiff's Spouse, __, is a resident and citizen of the State of __, and claims damages as set forth below.~~

4. Jurisdiction is proper based upon diversity of citizenship.

5. Proper Venue: The District Court in which remand trial is proper and where this Complaint would have been filed absent the direct filing order by this Court is the United States District Court for the District of Kansas.

6. Plaintiff brings this action:

XXX On behalf of herself;

~~_____ In a representative capacity as the _ of the _ having been duly appointed as the _ by the Court of _. A copy of the Letters of Administration for a wrongful death claim is annexed hereto if such letters are required for the commencement of such a claim by the Probate, Surrogate or other appropriate court of the jurisdiction of the decedent.~~

## FACTUAL ALLEGATIONS

7. On or about December 13, 2023, Plaintiff underwent surgery during which the Bair Hugger Forced Air Warming system (hereinafter "Bair Hugger") was used during the course and scope of her surgery at Menorah Medical Center in Overland Park, KS, by Dr. Suhel Kotwal, MD.

8. Contaminants introduced into Plaintiff's open surgical wound as a direct and proximate result of use of the Bair Hugger during the subject surgery resulted in Plaintiff developing an infection at the surgical site.

9. As a result of Plaintiff's infection caused by Bair Hugger, Plaintiff has undergone additional treatment following a postoperative infection, requiring intervention, management, and surgery on or about including but not limited to February 7, 2024.

## ALLEGATIONS AS TO INJURIES

10. (a) Plaintiff claims damages as a result of:

XXX INJURY TO HERSELF

~~_____ INJURY TO THE PERSON REPRESENTED~~

~~_____ WRONGFUL DEATH~~

~~_____ SURVIVORSHIP ACTION~~

XXX ECONOMIC LOSS

~~(b) Plaintiff's spouse claims damages as a result of:~~

~~_____ LOSS OF SERVICES~~

~~_____ LOSS OF CONSORTIUM~~

11. Defendants, by their actions or inactions, proximately caused the injuries to

Plaintiff(s).

**DEFENDANT-SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY**

12. The following claims and allegations are asserted by Plaintiff(s) and are herein adopted by reference (check all that are applicable):

XXX FIRST CAUSE OF ACTION - NEGLIGENCE.

XXX SECOND CAUSE OF ACTION - STRICT LIABILITY.

XXX FAILURE TO WARN.

XXX DEFECTIVE DESIGN AND MANUFACTURE.

XXX THIRD CAUSE OF ACTION - BREACH OF EXPRESS WARRANTY.

XXX FOURTH CAUSE OF ACTION - BREACH OF IMPLIED WARRANTY OF MERCHANTBILITY LAW OF THE STATE OF ALABAMA.

XXX FIFTH CAUSE OF ACTION - VIOLATION OF THE MINNESOTA PREVENTION OF CONSUMER FRAUD ACT.

XXX SIXTH CAUSE OF ACTION - VIOLATION OF THE MINNESOTA DECEPTIVE TRADE PRACTICES ACT.

XXX SEVENTH CAUSE OF ACTION - VIOLATION OF THE MINNESOTA UNLAWFUL TRADE PRACTICES ACT.

XXX EIGHTH CAUSE OF ACTION - VIOLATION OF THE MINNESOTA FALSE ADVERTISING ACT.

XXX NINTH CAUSE OF ACTION - CONSUMER FRAUD AND/OR UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER LAW OF THE STATE OF ALABAMA.

XXX TENTH CAUSE OF ACTION - NEGLIGENT MISREPRESENTATION.

XXX ELEVENTH CAUSE OF ACTION - FRAUDULENT MISREPRESENTATION.

XXX TWELFTH CAUSE OF ACTION - FRAUDULENT CONCEALMENT.

____ ~~THIRTEENTH CAUSE OF ACTION - LOSS OF CONSORTIUM; and~~

XXX FOURTEENTH CAUSE OF ACTION - UNJUST ENRICHMENT.

In addition to the above, Plaintiff asserts the following additional causes of action under applicable state law:

**A.** Punitive Damages

**B.** Common Law Fraud

**C.** Constructive Fraud

**D.** Gross Negligence

**E.** Negligent Infliction of Emotional Distress

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages.
2. Punitive damages.
3. Pre-judgment and post-judgment interest.
4. Statutory damages and relief of the state whose laws will govern this action.
5. Costs and expenses of this litigation.
6. Reasonable attorneys' fees and costs as provided by law.
7. Equitable relief in the nature of disgorgement.
8. Restitution of remedy Defendants' unjust enrichment; and
9. All other relief as the Court deems necessary, just, and proper.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury as to all claims in Complaint so triable.

Dated: October 6, 2026

Respectfully submitted,
Parafinczuk Wolf, P.A.

*/s/ Jason B. Wolf*

Parafinczuk Wolf, P.A.
Jason B. Wolf
Minnesota Lawyer ID: 0388737
5550 Glades Road, Suite 500
Boca Raton, Florida 33431
954-462-6700
954-462-6567 Fax
jwolf@parawolf.com
Attorney(s) for Plaintiff